TAGGED OPINION

ORDERED in the Southern District of Florida on ___Nov. 13, 2009___

_____
Laurel Myerson Isicoff, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                                                    Case No. 09-13608-BKC-LMI

PRESTIGE REALTY GROUP OF OHIO &                 Chapter 11
FLORIDA, LLC d/b/a CENTURY 21 PRESTIGE
REALTY GROUP,

      Debtor.
_____/

CENTURY 21 REAL ESTATE, LLC,                        Adv. Case No. 09-01260-BKC-LMI

      Plaintiff,

v.

PRESTIGE REALTY GROUP OF OHIO &
FLORIDA, LLC d/b/a CENTURY 21 PRESTIGE
REALTY GROUP; SCOTT NYMAN;
RICK SALATA; PATTY MASSARE;
GREG KLEEH; and JOHN DOES I-X,

      Defendants.
_____/

**CORRECTED[1] MEMORANDUM OPINION ON ORDER DENYING MOTION OF
DEFENDANT SCOTT NYMAN TO DISMISS ADVERSARY COMPLAINT[2]**

---

[1] The correction reflects a semantic clarification on page 4 of this opinion.
[2] The Order Denying the Motion to Dismiss (DE #62) was entered by this Court on August 17, 2009.

This matter came before the Court on June 29, 2009, on the Motion of Defendant Scott Nyman to Dismiss Adversary Complaint (DE #57) (the "Motion"). The Court having considered the Motion, the Plaintiff's Memorandum of Law in Opposition to the Application Filed by the Defendant Scott Nyman to Dismiss the Adversary Complaint (DE #61) (the "Response"), the record in this adversary proceeding and in the main case, as well as applicable law, and for the reasons stated, the Defendant's Motion to Dismiss is denied.

## Procedural Background

On March 2, 2009, Prestige Realty Group of Ohio & Florida, LLC, d/b/a Century 21 Prestige Realty Group ("Prestige" or the "Debtor"), filed a petition for relief under chapter 11 of the Bankruptcy Code. At the time the bankruptcy was filed, the Debtor operated several real estate offices in Florida and Ohio as a Century 21 franchisee.

Century 21 Real Estate, LLC ("Plaintiff" or "Century 21") filed this adversary proceeding against the Debtor on March 19, 2009, seeking to enjoin the Debtor from continuing to use the Century 21 mark, claiming the license was terminated prepetition. On April 17, 2009, the Debtor voluntarily agreed to the appointment of a chapter 11 trustee (the "Trustee").[3] After reviewing the facts, the Trustee agreed to cease using the Century 21 mark and began the de-identification process.

Century 21 then filed an Amended Complaint (DE #41) on May 4, 2009, against the Debtor, and several individual defendants, including defendant Scott Nyman ("Nyman")[4], seeking damages for their unauthorized use of the Century 21 marks under the Lanham Act. Century 21 also sought damages against the each of the defendants individually, including Nyman, for obligations they allegedly owed to Century 21 by virtue of their individual

---

[3] Prestige's bankruptcy was converted to a chapter 7 case on June 1, 2009, and the chapter 11 trustee was re-appointed as the chapter 7 trustee.
[4] Apparently all the named individuals other than Nyman have filed for bankruptcy protection.

guarantees of the Debtor's franchise agreements with Century 21. The Amended Complaint also includes a count for unjust enrichment against Nyman and the other individual defendants.

Nyman filed a Motion to Dismiss on June 5, 2009, claiming that this Court does not have jurisdiction to adjudicate Century 21's claims against him, and further claiming that, even if this Court does have jurisdiction, Count I of the Amended Complaint must nonetheless be dismissed because it fails to state a cause of action against Nyman with respect to Lanham Act violations.

## Jurisdiction

The Court has jurisdiction of the claims of Century 21 against Nyman in this adversary proceeding. Federal courts only have such jurisdiction as is granted to them by statute. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). The jurisdiction of the bankruptcy courts is set forth in 28 U.S.C. §1334 which provides that "the district courts [and by order of reference, the bankruptcy courts] shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The parties agree that the jurisdictional issue here is whether Century 21's claims against Nyman are related to the Debtor's bankruptcy case.

The Plaintiff argues that this Court has "related to" jurisdiction over its claims against Nyman for two reasons. First, Nyman has the right to seek contribution and indemnification claims against Prestige, which claims could have a conceivable impact on the estate by increasing the unsecured creditor class. Second, Century 21's claims against Nyman arise from the same common nucleus of facts as Century 21's claims against the Debtor, and, because the Court has jurisdiction over Century 21's claims against the Debtor, the Court has jurisdiction over Century 21's claims against Nyman.

A bankruptcy court has "related to" jurisdiction of a proceeding if

> the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting, and adopting, the test articulated in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). *See also Celotex*, 514 U.S. at 307-308 ("Congress did not delineate the scope of 'related to' jurisdiction but its choice of words suggests a grant of some breadth."); *Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999) ("The key word in the *Lemco Gypsum/Pacor* test is 'conceivable,' which makes the jurisdictional grant extremely broad.").

In *Hospitality Ventures/LaVista v. Heartwood 11, L.L.C. (In re Hospitality Ventures/LaVista)*, 358 B.R. 462 (Bankr. N.D. Ga. 2007), Judge Bonapfel held that the bankruptcy court's related to jurisdiction is not limited to those cases that satisfy the *Lemco Gypsum/Pacor* test but also arises when the court's supplemental jurisdiction is triggered.

> Both *Pacor* and *Lemco Gypsum* hold that the conceivable effect test is the *usual* test of whether the required nexus for "related to" jurisdiction exists. The holdings do not make that test an exclusive one, and they do not preclude a determination that a claim is "related to" the bankruptcy case if the fundamental requirement – the existence of a nexus between the claim and the bankruptcy case – arises in a different way. Consequently, a claim may be "related to" a bankruptcy case if a sufficient nexus between them exists, even if the "conceivable effect" test is not met.

*Id.* at 476. Holding that, by virtue of the reference, a bankruptcy court may exercise the district court's supplemental jurisdictional authority of 28 U.S.C. §1367, Judge Bonapfel concluded that he had "related to" jurisdiction of a third-party complaint of which he would not otherwise have had jurisdiction under the *Lemco/Pacor* standard

> based on the principle that, if the required jurisdictional nexus between the primary claim and the core-related supplemental claim exists, they form one constitutional "case or controversy." For such a nexus to exist, the primary and incidental claims must involve the same aggregate or core of facts. When the required nexus exists, the concept of supplemental jurisdiction is that a court with "jurisdiction over the aggregate of facts which constitutes the plaintiff's claim needs no additional ground of jurisdiction to determine the third-party claim which [comprises] the same core of facts." *Revere Copper & Brass Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 714 (5th Cir. 1970). The core or aggregate of facts is related to the bankruptcy case because the primary claim based on them is related to the bankruptcy case. With the jurisdictional facts thus related to the bankruptcy case, other claims based on them that are part of the same "case or controversy" are also related to the bankruptcy case.

*Id.* at 476. *Cf. Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 869 (9th Cir. 2005) ("[T]he bankruptcy court's 'related to' jurisdiction also includes the district court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 ..."). *But see Walker v. The Cadle Co. (In re Walker)*, 51 F.3d 562 (5th Cir. 1995) (holding that bankruptcy courts may not exercise supplemental jurisdiction). This Court agrees with Judge Bonapfel's analysis of "related to" jurisdiction and adopts his two-pronged approach to related to jurisdiction.[5]

Century 21 argues that, because the claims bar date has not yet passed, Nyman may still elect to file a claim against the Debtor for indemnification or contribution. Nyman argues that he has not filed a claim, and therefore the *Lemco/Pacor* standard is not invoked.

In *Hickox v. Leeward Isles Resorts, Ltd.*, 224 B.R. 533 (S.D.N.Y. 1998), the District Court held the court's "related to" jurisdiction under section 1334(b) was satisfied when one non-debtor party sued another non-debtor party to collect on promissory notes. The plaintiff filed the action in state court. The defendants removed the action to federal court based on diversity jurisdiction and then sought to refer the litigation to the bankruptcy court, over the objection of the plaintiff. The defendants argued that the suit would have an impact on the

---

[5] The Court sees no need to repeat or attempt to restate Judge Bonapfel's thorough analysis underlying his ruling.

debtor's estate because the plaintiff's successful recovery against the defendant would impact the defendant's ability to pay a debt to Barclay's Bank and to U.S. Trust, which debt was guaranteed by the debtor; therefore the lawsuit could have an adverse impact on the debtor's bankruptcy estate.

Dismissing as unpersuasive the plaintiff's argument that there is no possibility that the debtor's guaranty could be invoked because both Barclays and U.S. Trust were fully secured, the court noted that

> [Plaintiff's] contentions that Barclays Bank and U.S. Trust will not assert their rights against [the Debtor] are not dispositive of what will actually occur. In this case, U.S. Trust and Barclays Bank could very well seek repayment from [the Debtor]. Indeed, each entity submitted a proof of claim form in the bankruptcy court and specifically reserved the right to collect on debts owed by [the Debtor]. Therefore, it is "conceivable" that the debtor's estate will be affected by [the Defendant's] repayment of the promissory notes …

*Id.* at 538 (internal citations omitted).

Similarly, in the instant case, while Nyman has not yet filed a proof of claim or been sued by the trustee, neither possibility is currently foreclosed. Moreover, even if Nyman chooses not to file a claim or does not receive any distribution on account of such claim,[6] he would still have the right to assert his claims against the Debtor based on setoff or recoupment should the Trustee seek to pursue Nyman to recover any assets. In the absence of Nyman's complete waiver of any rights he has against the estate, which is not anything he could or should be required to do, it is conceivable that the litigation between Nyman and Century 21 could have an impact on the Prestige estate. *See also E.S. Bankest, LLC v. United Beverage Fla., LLC (In re United Container LLC)*, 284 B.R. 162 (Bankr. S.D. Fla. 2002) (a potential contingent claim can support "related to" jurisdiction under section 1334). *Accord, Shearson Lehman Bros., Inc. v. Munford,*

---

[6] At this point it appears the estate is administratively insolvent. Consequently, it would be unlikely that even if Nyman files a claim there will be any assets to distribute. Nonetheless, a possible distribution to unsecured creditors has not yet been foreclosed.

*Inc. (In re Munford)*, 97 F.3d 449 (11th Cir. 1996) (Bankruptcy court had jurisdiction over non-settling defendants' state law contribution and indemnity claims, even though the claims "were unasserted, against non-debtors." Because the claims could have an effect on the bankruptcy estate there was a sufficient nexus to confer jurisdiction and therefore the bankruptcy court could approve a settlement agreement that included a bar order precluding the non-settling defendants from suing a non-debtor.) Accordingly this Court has "related to" jurisdiction of Century 21's claims against Nyman pursuant to the *Lemco/Pacor* test.

Further, there is no question that Century 21's claims against the Debtor and Nyman arise from the same core of facts. The entire Amended Complaint is founded on Prestige's continued use of the Century 21 mark after Century 21 claims it terminated Prestige's right to use the mark. Century 21 argues that since its claims against the Debtor are core proceedings under 28 U.S.C. §157, the Court has supplemental jurisdiction of Century 21's claims against Nyman. While the Court does not agree that Century 21's claims against the Debtor are core claims,[7] at the least, the Court has related to jurisdiction over the claims. Since the Court has jurisdiction of Century 21's claims against the Debtor, and since those claims arise from the same core facts as the claims Century 21 has filed against Nyman, accordingly, "related to" jurisdiction exists by virtue of this Court's supplemental jurisdiction.

Thus, at the present time, this Court finds it has jurisdiction of Century 21's claims against Nyman pursuant to 28 U.S.C. §1334(b).

### The *Twombly/Ashcroft* Standard

Because this Court has jurisdiction of Century 21's claims against Nyman, the Court must now determine whether the Amended Complaint satisfies the pleading standards of Fed. R. Civ. P. 8 and 9, applicable to this adversary proceeding by virtue of Fed. R. Bankr. P. 7008 and

---

[7] *See In re Toledo*, 170 F.3d at 1348.

7009. In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007), the Supreme Court clarified, and some would say, changed, the standard of evaluating whether a complaint can survive a motion to dismiss. In *Twombly* the Supreme Court held that to withstand a motion to dismiss the complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) the Supreme Court made clear that *Twombly* was not limited, as some suggested, to antitrust cases. The Supreme Court rearticulated the standards by which a court must measure the adequacy of a complaint.

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S. at 555.] (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. [Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007).] But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

129 S. Ct. at 1949-50.

Nyman argues that the Amended Complaint fails to satisfy the *Twombly/Ashcroft* standard because the Amended Complaint contains only bare legal conclusions. He further argues that the Amended Complaint, while alleging that Nyman's actions were "malicious, fraudulent, willful and deliberate," is not supported by any facts and fails to meet the pleading standards of Rule 9 with respect to the fraud allegation. While Nyman may disagree that the facts support the allegations that his acts were malicious, willful, or deliberate on its face, the

8

Amended Complaint alleges facts, which if true, have a plausible basis for the relief sought.[8] When considering the adequacy of a complaint alleging fraud the Court must consider the requirements of Rule 9 together with the requirements of Rule 8. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) ("The application of [Rule 9(b)] must not abrogate the concept of notice pleading." (quoting *Durham v. Bus. Mgmt. Assoc.*, 847 F.2d 1505, 1511 (11th Cir. 1988)). The Eleventh Circuit has previously held that "[a]llegations of date, time or place satisfy the Rule 9(b) requirement that the *circumstances* of the alleged fraud must be pleaded with particularity, but alternative means are also available to satisfy the rule." *Durham v. Bus. Mgmt. Assoc.*, 847 F.2d at 1512. Thus this Court must consider whether the facts of the Amended Complaint provide Nyman with sufficient detail for him to understand what acts Century 21 alleges gave rise to allegations of malice or fraud so that Nyman can adequately respond.

Having reviewed the allegations of the Amended Complaint the Court finds the Amended Complaint sets out sufficient details to put Nyman on notice of the basis for the claims asserted against him by Century 21 and sets forth a "plausible claim for relief."

Accordingly, the Motion to Dismiss is DENIED. By prior summary order the Defendant has been directed to file an answer.

# # #

Copies furnished to:
Stephen Hunt, Esq.
Christopher David, Esq.

*Attorney Hunt is directed to serve a copy of this order to all interested parties and to file a certificate of service with the Clerk of the Court.*

---

[8] The Court agrees with the Plaintiff that proof standards in nondischargeability actions are not relevant in this action and that Nyman's reliance on these cases is misplaced.